UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, | §<br>§<br>§ | |
| *Plaintiff*, | § | Civil Action No. 4:24-cv-3588 |
| | § | |
| v. | § | |
| | § | |
| ROBERT REYNA; MARY REYNA, | § | |
| *Defendants*. | | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Susan A. Kidwell (Attorney-in-Charge)
State Bar No. 24032626
Southern District No. 631211
Philip D. Nickerson
State Bar No. 24107880
Southern District No. 3633282
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4766 (Telephone)
(512) 305-4800 (Facsimile)
susan.kidwell@troutman.com
philip.nickerson@troutman.com

COUNSEL FOR REDWOOD FIRE
AND CASUALTY INSURANCE COMPANY

TABLE OF CONTENTS

Index of Authorities ....................................................................................................3

Introduction.................................................................................................................5

Summary-Judgment Evidence ....................................................................................6

Factual Background .....................................................................................................8

      A.    The Redwood Policy. ..................................................................8

      B.    The Reynas settled their negligence suit against the allegedly underinsured motorist in 2015................................................................9

      C.    The Reynas demanded UIM benefits in 2016 – and Redwood did not pay. .......................................................................................12

      D.    The Reynas made a second demand for UIM benefits in 2024 – and Redwood filed this coverage action. ...........................................14

Summary-Judgment Standard...................................................................................15

Argument...................................................................................................................15

I.    Redwood is entitled to a declaration that the Reynas cannot recover UIM benefits under the Policy. ................................................................................15

      A.    The Reynas' claim for UIM benefits is not covered by the Policy.....16

      B.    The Reynas' claim for UIM benefits is barred by an exclusion. ........18

II.    Redwood is entitled to judgment as a matter of law, because the Reynas' claim for UIM benefits is barred by the statute of limitations. .....................21

      A.    The Reynas have the burden to establish that they are legally entitled to UIM benefits. ...................................................................21

      B.    The Reynas' counterclaim accrued when they settled their tort action without obtaining a judgment establishing the other driver's negligence and underinsured status..................................................23

Prayer ........................................................................................................................25

Certificate of Service ................................................................................................26

Index to Exhibits .......................................................................................................27

INDEX OF AUTHORITIES

**Page(s)**

## CASES

*Allstate Ins. Co. v. Irwin*,
  627 S.W.3d 263 (Tex. 2021) ..................................................................*passim*

*ARM Props. Mgmt. Group v. RSUI Indem. Co.*,
  400 F. App'x 938 (5th Cir. 2010) .......................................................16

*Brainard v. Trinity Univ. Ins. Co.*,
  216 S.W.3d 809 (Tex. 2006) ...........................................5, 21, 23, 24

*In re Britt*,
  529 S.W.3d 93 (Tex. App.—Texarkana 2016, orig. proceeding) ......6, 21, 23, 24

*De Jongh v. State Farm Lloyds*,
  664 F. App'x 405 (5th Cir. 2016) ...............................................23, 24

*Gonzalez v. Philadelphia Indem. Ins. Co.*,
  No. 1:14-cv-215, 2015 WL 12550934 (S.D. Tex. Oct. 14, 2015).....................19

*Hernandez v. Gulf Grp. Lloyds*,
  875 S.W.2d 691 (Tex. 1994) .....................................................19, 20

*In re Liberty Mut. Ins. Co.*,
  679 S.W.3d 170 (Tex. 2023) .........................................................22

*Murphy v. Campbell*,
  964 S.W.25 265, 267 (Tex. 1997) .................................................24

*Murray v. San Jacinto Agency, Inc.*,
  800 S.W.2d 826 (Tex. 1990) .......................................................24

*Piazzo v. Allstate Indem. Co.*,
  601 F. Supp. 3d 189 (S.D. Tex. 2022).............................................22

*Provident Life & Accident Ins. Co. v. Knott*,
  128 S.W.3d 211 (Tex. 2003) ....................................................23, 24

*TIG Ins. Co. v. Aon Re, Inc.*,
  521 F.3d 351 (5th Cir. 2008) .......................................................24

*In re USAA Gen. Indem. Co.*,
    624 S.W.3d 782 (Tex. 2021) ..............................................................................21

*In re USAA Gen. Indem. Co.*,
    629 S.W.3d 878 (Tex. 2021) ..............................................................................21

*Weitzman v. Allstate Vehicle & Prop., Ins. Co.*,
    597 F. Supp.3d 1100 (S.D. Tex. 2022)...............................................................16


## STATUTES AND RULES

28 U.S.C. § 2201 .....................................................................................................15

TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3) .......................................6, 21, 23, 24

FED. R. CIV. P. 56(a)...............................................................................................15

TO THE HONORABLE JUDGE PALERMO:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Redwood Fire and Casualty Insurance Company ("Redwood") files this Motion for Summary Judgment and asks the Court to enter a final judgment declaring that Redwood has no duty to pay any underinsured motorist benefits to Defendants Robert Reyna and Mary Reyna (the "Reynas") and, therefore, the Reynas are not entitled to any relief on their counterclaim. In support, Redwood respectfully shows as follows:

### INTRODUCTION

This declaratory-judgment action concerns a dispute about underinsured motorist ("UIM") coverage allegedly owed on a trucker's insurance policy issued by Redwood to Robert Reyna. The underlying motor-vehicle accident occurred in 2011, the Reynas sued the other driver in 2013, and they settled that action (for less than the other driver's liability limits) on July 22, 2015. Notwithstanding several requests for updates on the status of settlement negotiations, the Reynas did not tell Redwood about the settlement until April 2016, which was almost a year later.

When they settled with the other driver, the only way the Reynas could establish a right to recover UIM benefits was to file a direct action against Redwood. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021); *Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). They failed to do so before the

four-year statute of limitations expired. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3); *In re Britt*, 529 S.W.3d 93, 97 (Tex. App.—Texarkana 2016, orig. proceeding) ("A claim for uninsured-motorist benefits is a matter of contract, because it is a claim on a debt rather than an action in tort; therefore, [plaintiff's] claim is governed by the four-year statute of limitations.").

In July 2024, nine years after settling with the allegedly underinsured motorist, the Reynas made a demand for UIM benefits. In response, Redwood filed this declaratory-judgment action seeking a declaration that the Reynas are not entitled to any UIM benefits under the Policy. In answering Redwood's action, the Reynas asserted a counterclaim seeking the opposite relief.

Redwood now moves for summary judgment on two grounds: (i) the Reynas are not entitled to recover UIM benefits, because the benefits sought are not covered by the Policy; and (ii) even if the Reynas could raise a fact issue on coverage, their claim for UIM benefits is barred by the statute of limitations. Either way, Redwood is entitled to summary judgment declaring that the Reynas are not entitled to recover UIM benefits under the Policy. For the same reasons, the Reynas' counterclaim for UIM benefits fails as a matter of law.

## SUMMARY-JUDGMENT EVIDENCE

This Motion is based on the following exhibits, which are attached and incorporated by reference herein:

6

Ex. 1.    Declaration of Mark Richardson

Ex. 2.    Excerpts from Commercial Truckers Policy No. 01 TRM 000195-01.

Ex. 3.    06/29/15 Letter from Anthony L. Bannwart, Bannwart & Associates, P.C., to Barabara Rankin, The Littleton Group, re: request for UIM coverage.

Ex. 4.    07/10/15 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: reopening file and requesting information on progress of settlement.

Ex. 5.    02/25/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: status of settlement negotiations and request for declarations page for adverse carrier.

Ex. 6.    03/30/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: update on settlement negotiations.

Ex. 7.    04/11/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: closing file.

Ex. 8.    04/22/16 Fax from John C. Mitchell, Bannwart & Associates, P.C., to Barbara Rankin sending declarations page for adverse carrier and copies of 07/22/15 settlement agreements.

Ex. 9.    08/12/16 Demand for UIM benefits from Anthony L. Bannwart, Bannwart & Associates, P.C., to Jon Deacon, Redwood.

Ex. 10.   08/31/16 Response from Mark Richardson, Redwood, to Anthony L. Bannwart, Bannwart & Associates, P.C.

Ex. 11.   09/14/16 Response from Anthony L. Bannwart, Bannwart & Associates, P.C., to Mark Richardson, Redwood.

Ex. 12.   10/05/16 Letter from Mark Richardson, Redwood, to Anthony L. Bannwart, Bannwart & Associates, P.C.

Ex. 13.   10/20/17 Letter from Anthony L. Bannwart, Bannwart & Associates, P.C., to Mark Richardson, Redwood re: resending information previously provided and sending additional documents showing more medical treatment and lost income.

7

Ex. 14.    07/31/24 Demand for UIM benefits from Anthony L. Bannwart, Bannwart & Associates, P.C., to Stephanie Hynes, Redwood.

## FACTUAL BACKGROUND

### A.    The Redwood Policy.

Redwood issued Commercial Truckers Policy No. 01 TRM 000195-01 (the "Policy") to Robert Reyna.  (Ex. 2 at 0011.)  The Policy includes an endorsement providing Texas Uninsured/Underinsured Motorists Coverage subject to a $1,000,000 combined single limit.  (Ex. 2 at 0029.)  The "Coverage" section of the UM/UIM Endorsement states that Redwood "will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury' sustained by an 'insured' … caused by an 'accident.'" (*Id*. at 0030, ¶ A.1.)  However, the Policy further provides that Redwood "will pay under this [UM/UIM] coverage only if a. or b. below applies:

    a.  The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements, or

    b.  A tentative settlement has been made between an 'insured' and the insurer of the [underinsured] vehicle … and we [Redwood]:

        (1) Have been given prompt written notice of such tentative settlement; and

        (2) Advance payment to the 'insured' in an amount equal the tentative settlement within 30 days after receipt of notification."

(*Id*., ¶ A.2.)

The ability to make an advance payment under Paragraph A.2.b. is necessary to protect Redwood's contractual subrogation right to recover amounts paid against others.  (*Id.* at 0031, ¶ E.3.)  To ensure that right is protected, the UM/UIM Endorsement requires the insured to "[p]romptly notify us in writing of a tentative settlement between an 'insured' and the insurer of the vehicle described in Paragraph **d.** of the definition of 'uninsured motor vehicle'[1] and allow us 30 days to advance payment to that 'insured' in an amount equal to the tentative settlement to preserve our rights against the insurer, owner, or operator of such vehicle."  (*Id.*, ¶ E.2.e.)

The UM/UIM Endorsement also contains several "Exclusions" from coverage.  (*Id.* at 0030, ¶ C.)  As relevant to this Motion, there is an exclusion that states "we do not provide Uninsured/Underinsured Motorists Insurance … [f]or any claim settled without our consent."  (*Id.*, ¶ C.1.b.)

### B.    The Reynas settled their negligence suit against the allegedly underinsured motorist in 2015.

The Policy was in effect on October 12, 2011, when Robert Reyna's vehicle was rear-ended by a vehicle driven by August William Oberbeck on behalf of his employer, Gresham Trucking, LLC.  (*See* Ex. 2 at 0011 (policy period); Dkt. 13 at 2, ¶ 7 (admitting allegations regarding accident).)  After the accident, Redwood assigned the claim to an independent adjusting company, the Littleton Group, which

---

[1] Paragraph **d.** has the definition of an "underinsured motor vehicle."  (*Id.* at 0033, ¶ F.6.d.)

9

assigned the claim to Barbara Rankin.  (*See* Ex. 4.)  Rankin investigated the claim and communicated with the Reynas' counsel on Redwood's behalf.  (*Id*.)

In 2013, the Reynas filed a state-court negligence action against Oberbeck and Gresham Trucking, seeking damages for injuries allegedly arising out of the accident. (Dkt. 13 at 2, ¶ 9 (admitting allegation).)  Oberbeck and Gresham Trucking were insured under a Business Auto Policy issued by Torus Specialty Insurance Company (the "Torus Policy").  (*Id*., ¶ 10 (admitting allegation).)  The Torus Policy had a liability limit of $1,000,000.  (*Id*.; *see also* Ex. 8 at 0275.)

On or about June 29, 2015, the Reynas' counsel notified Rankin that the Reynas would pursue an underinsured motorist claim.  (Dkt. 13 at 3, ¶ 12 (admitting allegation); Ex. 3.)  In her July 10, 2015, response, Rankin stated "we will reopen this file and await further contact from you in regards to the progress of the settlement of the claim with the adverse carrier."  (Ex. 4.)  The response also states: "Please contact us once settlement negotiations are started.  As soon as possible, please provide a copy of the Declarations page for the adverse party."  (*Id*.)

On or about February 25, 2016, Rankin sent the Reynas' counsel a letter asking for an update on settlement negotiations.  (Ex. 5.)  The letter states that "[w]e have been attempting to reach you to discuss Mr. Reyna's claim" and that, "[i]n our last conversation you advised us that you were still negotiating the settlement with the adverse carrier."  (*Id*.)

On or about March 30, 2016, Rankin sent another letter asking for an update on settlement negotiations. (Ex. 6.) The letter states that Rankin had not received a response from the February 25 letter, and that "we have continued contacting your office and leaving you messages with no response." (*Id.*) The March 30 letter also includes another request for the Declarations page for the adverse party. (*Id.*)

On or about April 11, 2016, Rankin notified the Reynas' counsel that Redwood had instructed her "to close [the] file." (Ex. 7.) That letter appears to have gotten the attention of the Reynas' counsel.

On or about April 22, 2016, the Reynas' counsel notified Rankin that the Reynas had settled their negligence claims against Oberbeck and Gresham Trucking *nine months earlier* – on July 22, 2015 – for $50,000 *less* than the $1,000,000 limit of the applicable liability insurance policy. (Ex. 8.) The Reynas had not provided Redwood with written notice of a tentative settlement. (Ex. 1, ¶ 5.) Nor had they sought, let alone obtained, Redwood's written consent to settle with the allegedly underinsured motorist. (*Id.*, ¶ 6.) Nevertheless, when the Reynas' counsel finally notified Redwood of the settlement, he said he would send "a damages packet and demand in the very near future." (Ex. 8 at 00273.)

**C.    The Reynas demanded UIM benefits in 2016 – and Redwood did not pay.**

On or about August 12, 2016, the Reynas' counsel sent a demand for $2,250,000 in UIM benefits (less the $950,000 paid to the Reynas for settling the third-party claim).  (Ex. 9.)  The demand letter states:

> [I]n the event we have not received a check in the amount of $2,250,000 less the applicable credit of $950,000, within ten (10) days after you receive this letter, a lawsuit will be filed against Redwood Fire and Casualty seeking damages in the amounts described above, plus interests, costs of court, and attorneys' fees, in addition to damages under the Texas Deceptive Trade Practices Act and Section 541.001 et seq. of the Texas Insurance Code, where applicable, all without further notice or communication to you.

(*Id*. at 0341.)  The demand lists $259,331.59 in claimed medical expenses, including the cost of a December 2013 back surgery.  (*Id*. at 0339.)

Redwood did not send a check.  Instead, on or about August 31, 2016, Redwood stated that "[w]e have reviewed the demand package and, at this time, are not in a position to respond to your demand with an offer."  (Ex. 10.)  To evaluate potential UIM coverage, Redwood requested additional information regarding third-party payments for the claimed medical expenses, medical treatments and evaluations since 2013, Mr. Reyna's current medical condition, the Reynas' alleged noneconomic damages (including mental anguish), and Mrs. Reyna's claim for lost income due to a layoff from work.  (*Id*.)  Redwood also asked for documentation showing that the Reynas complied with the Policy conditions for UIM coverage by

12

providing written notice of a tentative settlement or requesting Redwood's permission to settle. (*Id.*)

On or about September 14, 2016, the Reynas' counsel represented that all medical bills were paid from the proceeds of the settlement. (Ex. 11.) He also stated that Mr. Reyna was seeking additional medical care, and that he had requested and will provide additional medical records and bills as applicable. (*Id.*) With respect to the Policy conditions, the Reynas did not provide any documentation showing that they provided written notice of a tentative settlement or obtained Redwood's consent to settle; instead, they argued that consent is not required absent prejudice. (*Id.*)

In its October 5, 2016, response, Redwood asked the Reynas to confirm the amounts actually *paid* for the medical services. (Ex. 12.) Redwood also asked for proof that any additional medical care being sought is related to the 2011 accident. (*Id.*) Finally, Redwood addressed issues related to the consent-to-settle provision and explained how Redwood could have been prejudiced by the Reynas' failure to comply with the Policy's conditions. (*Id.*)

Over a year later, on October 20, 2017, the Reynas' counsel provided Redwood another copy of the letter sent on September 14, 2016. (Ex. 13.) He also sent some additional medical records, bills, and documents allegedly "reflecting Mr. Reyna's continued loss of income." (*Id.*) Redwood did not respond to the October 20, 2017, letter – or send any payment for the UIM benefits that were initially

13

claimed in 2016. Even so, the Reynas did not take any action to establish their disputed right to coverage.

> **D.    The Reynas made a second demand for UIM benefits in 2024 – and Redwood filed this coverage action.**

On July 31, 2024, after nearly seven years of silence, the Reynas sent a second demand for $2,250,000 in UIM benefits (less the $950,000 paid in settlement). (Ex. 14.) Like the 2016 demand, the 2024 demand states that, if the demand was not accepted by a specified deadline (this time, within 30 days of receipt), a lawsuit would be filed against Redwood without further notice or communication. (*Id*. at 0830.)

Redwood did not respond or pay the amount demanded within 30 days. Again, as in 2016, the Reynas did not file a lawsuit or take any action to establish their claimed right to UIM benefits under the Policy. Nevertheless, to resolve any uncertainty regarding the parties' rights and obligations under the Policy, Redwood filed this declaratory-judgment action. (Dkt. 1.) On February 10, 2025, the Reynas answered and asserted a counterclaim for a declaratory judgment seeking "monetary damages in the amount of $1,000,00.00, the UIM limit under the Redwood Policy, as well as attorney's fees under the Texas Uniform Declaratory Judgment Act." (Dkt. 11 at 11, ¶ 28.) The Reynas subsequently amended their counterclaim to seek relief under the Federal Declaratory Judgment Act. (Dkt. 13 at 10-11.)

14

**SUMMARY-JUDGMENT STANDARD**

Redwood moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The standard for granting summary judgment is well established: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

**ARGUMENT**

As demonstrated below, the summary-judgment evidence conclusively establishes that the Reynas cannot meet their burden to establish the prerequisites for UIM coverage. Accordingly, they are not entitled to recover UIM benefits under the Policy's terms. In addition, their claim for declaratory relief is barred by the statute of limitations. For either or both reasons, Redwood is entitled to summary judgment on all claims.

**I.    Redwood is entitled to a declaration that the Reynas cannot recover UIM benefits under the Policy.**

Redwood seeks a declaration that the Reynas are not entitled to any UIM benefits under the Policy (Dkt. 1 at 5), and the Reynas seek a declaration that they are entitled to recover $1,000,000, the UIM limit, under the Policy (Dkt. 13 at 11). A declaratory-judgment action is an appropriate remedy to determine the prerequisites for UIM coverage. *See* 28 U.S.C. § 2201; *Irwin*, 627 S.W.3d at 267.

15

The Policy is a Texas policy issued to a Texas insured.  (Ex. 2 at 0011.) Accordingly, Texas law applies in this diversity action. *See ARM Props. Mgmt. Grp. v. RSUI Indem. Co*., 400 F. App'x 938, 940 (5th Cir. 2010).  "Under Texas law, insurance contracts are interpreted under the general rules of contract construction[.]" *Weitzman v. Allstate Vehicle & Prop., Ins. Co*., 597 F. Supp.3d 1100, 1102 (S.D. Tex. 2022).  The interpretation of an unambiguous insurance policy "is a question of law for the court, appropriate for summary judgment." *Id*. at 1103.

**A.    The Reynas' claim for UIM benefits is not covered by the Policy.**

The Policy includes an endorsement providing Texas Uninsured/Underinsured Motorist Coverage.  (Ex. 2 at 0029.)  The UM/UIM Endorsement provides in relevant part:

1. We [Redwood] will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured", or "property damage" caused by an "accident." The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **d.** of the definition of "uninsured motor vehicle," *we will pay under this coverage only if **a.** or **b.** below applies*:

   a. The *limit of any applicable liability bonds or policies have been exhausted* by payment of judgments or settlements; *or*

16

b. *A tentative settlement has been made* between an "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" *and we*:

(1) *Have been given prompt written notice* of such tentative settlement; and

(2) *Advance payment* to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

(*Id*. at 0030, ¶ A (emphasis added).)  Paragraph d. of the definition of "uninsured

motor vehicle" includes an "underinsured motor vehicle," which is defined as one

with liability insurance but the "limit of liability" either:

(1) Is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages, or

(2) Has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages."

(*Id*. at 0033, ¶ 6.d.)

Neither of the Policy's unambiguous requirements for UIM coverage were

met:

There is no coverage under Paragraph A.2.a., because the limit of the

applicable liability policy was not "exhausted by payment of judgments or

settlements." (*Id.* at 0030, ¶ A.2.a.)  To the contrary, the Reynas settled with

Oberbeck and Gresham Trucking for $50,000 *less* than the applicable policy's

$1,000,000 liability limit.  (Ex. 8 at 0275.)

17

There is no coverage under Paragraph A.2.b., because the Reynas did not provide Redwood with "prompt written notice of [a] *tentative* settlement" with Oberbeck and Gresham Trucking. (*See* Ex. 2 at 0030, ¶ A.2.b. (emphasis added); *see also* Ex. 1, ¶ 5.) Instead, on April 22, 2016, they told Redwood they had executed a *final* settlement agreement *nine months earlier*.[2] (Ex. 8.) As a result, Redwood could not, and did not, use the procedure in Paragraph A.2.b. to protect its rights of recovery against others.

Because neither of the Policy's unambiguous requirements for UIM coverage were met, there is no UIM coverage and, therefore, Redwood is entitled to a declaratory judgment that it has no duty to pay the Reynas any UIM benefits under the Policy. For the same reasons, Redwood is entitled to summary judgment that the Reynas take nothing on their counterclaim.

### B.    The Reynas' claim for UIM benefits is barred by an exclusion.

The UM/UIM Endorsement also has an exclusion that states "[w]e do not provide Uninsured/Underinsured Motorists Insurance … [f]or any claim settled without our consent." (Ex. 2 at 0030, ¶ C.1.b.) It is undisputed that the Reynas

---

[2] During the Reynas' nine-month period of silence, Redwood repeatedly asked for updates on the status of settlement negotiations. (*See* Exs. 4-6.) After receiving no response, Redwood notified the Reynas' counsel that it was closing the file. (Ex. 7.) Shortly thereafter, on April 22, 2016, the Reynas' counsel sent written notice that the case had settled nine months earlier. (Ex. 8.)

settled their claims against Oberbeck and Gresham without obtaining Redwood's consent.  (*See* Ex. 11; *see also* Ex. 1, ¶ 6.)  Indeed, they did not tell Redwood about the settlement until nine months after it was finalized.  (Ex. 8.)

The consent-to-settlement exclusion has an exception for settlements made "in accordance with the procedure described in Paragraph A.2.b."  (Ex. 2 at 0030, ¶ C.1.b.)  However, the Reynas did not follow that procedure either.  (*See* Ex. 1, ¶ 5.)  Accordingly, their failure to obtain consent precludes coverage under the Policy's express terms.

The Reynas have argued that consent is not required absent prejudice.  (Ex. 11.)  But they ignore Texas law recognizing that a UIM insurer may be prejudiced by an insured's failure to obtain consent if "an insured's settlement without the insurer's consent prevents the insurer from receiving the anticipated benefit from the insurance contract[.]"  *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994).  For example, prejudice may result if settlement without consent "may extinguish a valuable subrogation right."  *Id*.  Moreover, in circumstances where a delayed notice "increase[s] an insurer's difficulties in recovery," the delay itself may cause prejudice.  *Id*. at 694 n.5; *see also Gonzalez v. Phila. Indem. Ins. Co*., No. 1:14-cv-215, 2015 WL 12550934, at *3 (S.D. Tex. Oct. 14, 2015) (granting summary judgment and holding that UIM insurer was "prejudiced as matter of law" by insured's 16-month delay in providing notice of settlement).

19

Here, the settling tortfeasors included a commercial trucking company with 25 employees and a commercial auto policy providing $1 million in liability coverage for multiple covered autos. (*See* Ex. 8 at 0274-78.)  The Reynas' failure to provide notice of a tentative settlement prevented Redwood from protecting its contractual right of subrogation against that company.  In addition, the delayed notice did not just make it difficult for Redwood to exercise its contractual right; it made it impossible.  Redwood's loss of an anticipated contractual benefit was prejudicial as a matter of law.  *See Hernandez*, 875 S.W.2d at 692.  Accordingly, the consent-to-settle exclusion is enforceable and bars coverage.

*To sum up*:  Neither of the Policy's unambiguous requirements for UIM coverage were met, and the Reynas' failure to obtain Redwood's consent to settle bars coverage under a separate policy exclusion.  For either or both reasons, there is no UIM coverage as a matter of law.  Accordingly, Redwood is entitled to summary judgment declaring that the Reynas are not entitled to UIM coverage.  For the same reasons, Redwood is also entitled to summary judgment that the Reynas take nothing on their counterclaim.  All issues can also be resolved on this basis alone.

**II.   Redwood is entitled to judgment as a matter of law, because the Reynas' claim for UIM benefits is barred by the statute of limitations.**

Even if the Reynas could raise a fact issue on the existence of potential UIM coverage, their claim for UIM benefits would still fail, as a matter of law, because it is barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3); *In re Britt*, 529 S.W.3d at 97.

**A.   The Reynas have the burden to establish that they are legally entitled to UIM benefits.**

"UIM coverage allows an insured to recover additional amounts when his actual damages exceed the limits of an at-fault motorist's liability." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 788 (Tex. 2021). "When triggered, such coverage contractually requires the UIM carrier 'to pay its insured the difference between the damages the insured is 'legally entitled to recover' from an at-fault motorist and the amount recovered or recoverable from the motorist's insurer.'" *Id*. (quoting *In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 884 (Tex. 2021)). However, a UIM insurer has "no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Irwin*, 627 S.W.3d at 265 (quoting *Brainard*, 216 S.W.3d at 818).

Texas law permits an insured to "obtain the judgment needed to establish the negligence and underinsured status of the other motorist in two ways: (1) by filing suit against the other motorist and obtaining a judgment establishing liability and the

21

resulting damages; or (2) by settling with the tortfeasor … and then proceed[ing] to litigate UIM coverage with the insurer." *Piazzo v. Allstate Indem. Co*., 601 F. Supp. 3d 189, 193 (S.D. Tex. 2022); *see also Irwin*, 627 S.W.3d at 267 (recognizing that parties who settle with third-party tortfeasors before obtaining a judgment establishing liability and underinsured status may establish the prerequisites for UIM coverage by obtaining a judgment against their insurer). In such UIM-coverage actions, the party seeking to establish the prerequisites for UIM coverage has the burden to prove that the alleged tortfeasor's negligence "caused the … accident, which in turn caused her to suffer damages exceeding the [amount] paid by [the other driver's] insurer." *In re Liberty Mut. Ins. Co.*, 679 S.W.3d 170, 174 (Tex. 2023).

Here, the Reynas started out by suing the third-party tortfeasors (Oberbeck and Gresham Trucking). But they settled with those parties in 2015 – before obtaining a judgment establishing Oberbeck's negligence and underinsured status. (*See* Ex. 8.) Once the Reynas settled with the alleged tortfeasors, the only way for them to establish a right to UIM benefits was to obtain a judgment establishing the prerequisites to UIM coverage in a direct action against Redwood. *See Irwin*, 627 S.W.3d at 267. The question for this Court is whether the Reynas could wait ten years after settling with the alleged tortfeasors to bring a direct action against Redwood. As demonstrated below, the answer is "no"; the Reynas' counterclaim is barred by limitations.

22

**B.** **The Reynas' counterclaim accrued when they settled their tort action without obtaining a judgment establishing the other driver's negligence and underinsured status.**

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 408 (5th Cir. 2016) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)).   The judicial remedy sought by the Reynas is a declaratory judgment establishing a right to UIM benefits.  (*See* Dkt. 13 at 10-11.)

Once the Reynas settled with the third-party tortfeasors, the only way to obtain a judgment establishing a right to UIM benefits was to "litigate UIM coverage with the insurer." *See Irwin*, 627 S.W.3d at 267; *Brainard*, 216 S.W.3d at 818.  Because the facts allowing them to file a direct action against Redwood came into existence on July 22, 2015, the Reynas' counterclaim for a declaratory judgment accrued on that date. *See De Jongh*, 664 F. App'x at 408; *Knott*, 128 S.W.3d at 221.  The statute of limitations expired four years later, on July 22, 2019. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3); *In re Britt*, 529 S.W.3d at 97.  Accordingly, their 2025 counterclaim is time-barred.

Anticipating a limitations problem, the Reynas allege that their claim for UIM benefits did not accrue until Redwood "allowed the[ir] July 31, 2024 UIM demand's time limit … to expire without responding to the settlement demand."  (Doc. 13 at

23

9, ¶ 56.) That theory ignores Texas law holding that an insurer has "no contractual duty to pay" UIM benefits *until the insured obtains a judgment* establishing the prerequisites (liability and underinsured status of the other motorist) for UIM coverage. *See Irwin*, 627 S.W.3d at 270; *Brainard*, 216 S.W.3d at 818. It also ignores the Reynas' 2016 acknowledgment that, if Redwood did not pay UIM benefits within ten days, the Reynas would file a direct action against Redwood. (*See* Ex. 9.) This clearly shows they knew that "facts [had come] come into existence that authorize[d] [them] to seek a judicial remedy." *De Jongh*, 664 F. App'x at 408 (quoting *Knott*, 128 S.W.3d at 221).

The Reynas had the burden to obtain a judgment, but they waited a year after settling with the alleged tortfeasors to make a UIM demand, and when Redwood did not pay, they waited another nine years to seek a judicial remedy. Allowing the Reynas to wait nearly ten years to litigate UIM coverage would open the door to "the specter of litigating decade-old-claims." *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 356 (5th Cir. 2008) (quoting *Murphy v. Campbell*, 964 S.W.25 265, 267 (Tex. 1997)). And that would be antithetical to the purpose of a statute of limitations, which is "to establish a point of repose and to terminate stale claims." *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).

*To sum up:* The statute of limitations for UIM claims is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3); *In re Britt*, 529 S.W.3d at 97. Because the

24

Reynas' claim for UIM benefits accrued nearly ten years before they filed their original counterclaim (Dkt. 11), their counterclaim is barred by limitations. For the same reason, Redwood is entitled to a declaration that the Reynas are not entitled to UIM benefits.

**PRAYER**

FOR THESE REASONS, Plaintiff Redwood Fire and Casualty Insurance Company prays that the Court grant this Motion and enter a final judgment declaring that Redwood has no duty to pay any UIM benefits to Defendants Robert Reyna and Mary Reyna, and that the Reynas are not entitled to any relief on their counterclaim. Redwood also prays for an award of costs and any additional relief to which it may be entitled.

Respectfully submitted,

Susan A. Kidwell (*Attorney-in-Charge*)
  State Bar No. 24032626
  Southern District No. 631211
Philip D. Nickerson
  State Bar No. 24107880
  Southern District No. 3633282
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4766 (Telephone)
(512) 305-4800 (Facsimile)
susan.kidwell@troutman.com
philip.nickerson@troutman.com

COUNSEL FOR PLAINTIFF REDWOOD FIRE
AND CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Motion for Summary Judgment was electronically served pursuant to the Federal Rules of Civil Procedure upon the following counsel of record via the CM/ECF system on May 15, 2025:

Kiernan McAlpine
McAlpine Law Firm, PLLC
606 Leverkuhn Street
Houston, Texas 77007
kier@mcalpinelaw.com
*Counsel for Robert Reyna and Mary Reyna*

Susan A. Kidwell

26

## INDEX TO EXHIBITS

Ex. 1.    Declaration of Mark Richardson

Ex. 2.    Excerpts from Commercial Truckers Policy No. 01 TRM 000195-01.

Ex. 3.    06/29/15 Letter from Anthony L. Bannwart, Bannwart & Associates, P.C., to Barabara Rankin, The Littleton Group, re: request for UIM coverage.

Ex. 4.    07/10/15 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: reopening file and requesting information on progress of settlement.

Ex. 5.    02/25/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: status of settlement negotiations and request for declarations page for adverse carrier.

Ex. 6.    03/30/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: update on settlement negotiations.

Ex. 7.    04/11/16 Letter from Barabara Rankin, The Littleton Group, to Erika Elizondo, Bannwart & Associates, P.C., re: closing file.

Ex. 8.    04/22/16 Fax from John C. Mitchell, Bannwart & Associates, P.C., to Barbara Rankin sending declarations page for adverse carrier and copies of 07/22/15 settlement agreements.

Ex. 9.    08/12/16 Demand for UIM benefits from Anthony L. Bannwart, Bannwart & Associates, P.C., to Jon Deacon, Redwood.

Ex. 10.    08/31/16 Response from Mark Richardson, Redwood, to Anthony L. Bannwart, Bannwart & Associates, P.C.

Ex. 11.    09/14/16 Response from Anthony L. Bannwart, Bannwart & Associates, P.C., to Mark Richardson, Redwood.

Ex. 12.    10/05/16 Letter from Mark Richardson, Redwood, to Anthony L. Bannwart, Bannwart & Associates, P.C.

Ex. 13.    10/20/17 Letter from Anthony L. Bannwart, Bannwart & Associates, P.C., to Mark Richardson, Redwood re: resending information previously provided and sending additional documents showing more medical treatment and lost income.

Ex. 14.    07/31/24 Demand for UIM benefits from Anthony L. Bannwart, Bannwart & Associates, P.C., to Stephanie Hynes, Redwood.