United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

REDWOOD FIRE AND
CASUALTY INSURANCE
COMPANY,
§
§
§
*Plaintiff,*
§
§ CIVIL NO. 4:24-CV-03588
VS.
§
§
ROBERT REYNA, *et al.*,
§
*Defendants*.
§

### ORDER[1]

This is a declaratory judgment action seeking a declaration of the parties' rights and obligations under an automobile insurance contract. Pending before the Court is Plaintiff Redwood Fire and Casualty Insurance Company's ("Plaintiff" or "Redwood") motion for summary judgment seeking a declaration that Robert and Mary Reyna ("Defendants" or "Reyna") cannot recover Uninsured/Under Insured Motorist ("UM/UIM") benefits under the policy and, therefore, the Reynas are not entitled to any relief on their counterclaim. ECF No. 20 at 5.[2] Having carefully

---

[1] On March 5, 2025, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 15.

[2] Defendants filed a response, ECF No. 21, Plaintiff filed a reply, ECF No. 23, and Supplementary Evidence, ECF No. 25. Defendant filed a Sur-reply. ECF No. 26.

reviewed the pleadings, briefing, evidence, and applicable law, the Court finds that Plaintiff has failed to carry its summary judgment burden and denies Plaintiff's motion.

## I.    BACKGROUND

These are the undisputed facts. Robert Reyna was in a car accident on October 12, 2011, and he filed a claim with Plaintiff, his insurer. ECF No. 20 at 9; ECF No. 21 at 8. On October 25, 2011, Plaintiff informed Defendants that it had assigned claim investigation to The Littleton Group, who then advised Plaintiff that Barbara Rankin would handle the file for Littleton. ECF No. 21-1 at 21–22. The next day, the law firm Defendants hired for bodily injuries related to the accident, Bannwart & Associates,[3] advised Rankin that the Reynas had retained it, and requested information for making a Personal Injury Protection ("PIP") coverage claim. *Id.* at 30. Over the next two years, Rankin managed the file for PIP purposes, regularly noting communication difficulties with Bannwart. *Id.* at 24–27, 31–32, 44–45, 58–59, 74, 76–77. After months of silence, she notified Bannwart on March 7, 2012, that she would close the PIP file three weeks later if she did not hear from Bannwart. *Id.* at 80–81. After those three weeks passed in silence, she closed the PIP file on March 28, 2012. *Id.* at 86–87. In July 2013, Bannwart sent the requested PIP

---

[3] A different law firm represents Defendants in this case.

documents. *Id.* at 93. Plaintiff asked Rankin to reopen Littleton's file and process the claim. *Id.* at 91–92. A PIP check issued on September 26, 2013. *Id.* at 96.

Two years passed and on June 29, 2015, Bannwart sent Littleton a letter, notifying her Defendants intended to pursue a UM/UIM claim. *Id.* at 98–100; ECF No. 20-3 at 1; ECF No. 20-4 at 1. Rankin replied in acknowledgement and stated Littleton would "await further contact" from Bannwart as to settlement efforts with the other driver. ECF No. 20-4 at 1; ECF No. 21-1 at 99. Eleven days later, Bannwart requested Plaintiff reissue the September 2013 PIP check because it had expired. ECF No. 21-1 at 101. Rankin's reports to Plaintiff show there was no further communication from Bannwart between October 27, 2015, and February 25, 2016. *Id.* at 105–06, 111–12, 114–15, 117–18. Rankin sent Bannwart a letter dated February 25, 2016, requesting an update on settlement. *Id.* at 119–20; ECF No. 20-5 at 1–2. Rankin's March 2016 report to Plaintiff stated she received no response as of that date. ECF No. 21-1 at 122–23. She sent another letter to Bannwart that same day. *Id.* at 124–25; ECF No. 20-6 at 1–2.

On April 6, 2016, Plaintiff instructed Rankin to close her file and advise Bannwart that all future correspondence should be to Plaintiff's claims examiner, Jon Deacon. ECF No. 21-1 at 126. She did so and sent a letter to Bannwart, on April 11, 2016, that provided Deacon's contact information and then sent Deacon a final report. *Id.* at 129–32; ECF No. 20-7 at 1–2. Two weeks later, on April 22, 2016,

Rankin emailed Deacon with attachments related to Defendants' settlement with the other driver. ECF No. 21-1 at 134. The settlement documents were dated July 22, 2015, nine months earlier. ECF No. 20-8 at 20, 31. A UM/UIM demand letter followed, dated August 12, 2016. ECF No. 20-9 at 1; ECF No. 21-1 at 138. Plaintiff responded on August 31, 2016, requesting documents to fully evaluate the claim. ECF No. 20-10 at 1–2; ECF No. 21-1 at 145–46.

Bannwart answered on September 14, 2016, stating in relevant part that the requested documents would be provided as applicable. ECF No. 20-11 at 1; ECF No. 21-1 at 153. Plaintiff's October 5, 2016 reply reiterated the need for documents "to fully evaluate the demand presented." ECF No. 20-12 at 1–2; ECF No. 21-1 at 161–62. In July 2017, Plaintiff hired outside counsel, Goldman and Associates, who notified Bannwart it had been retained "to assist [Redwood] in addressing" the Reynas' UM/UIM claim. ECF No. 21-1 at 198. Goldman advised in that same letter that since Bannwart's September 2016 letter, there had been "no further correspondence or contact" regarding the claim. *Id.* Bannwart responded on October 20, 2016, attaching what they had provided Plaintiff in September 2016. *Id.* at 176–78. At some point between October 20, 2017, and October 1, 2018, Bannwart asked Goldman whether Plaintiff continued to assert a coverage defense. *Id.* at 187. On October 1, 2018, Goldman advised that Plaintiff was "in the process of evaluating and reviewing all of the medical records and bills" and asked for further

medical documentation. Goldman sent a follow up on November 29, 2018. *Id.* at 194. Bannwart failed to respond for six years, until July 31, 2024, when he sent another UM/UIM demand letter. *Id.* at 179–85.

This action for declaratory judgment followed two months later, on September 24, 2024. Pl.'s Original Compl., ECF No. 1. Defendants filed an answer and counterclaim seeking declaratory judgment and amended both. Defs.' First Am. Answer & Countercl., ECF No. 13. Plaintiff now seeks summary judgment on its declaratory judgment action and the Reynas' counterclaim. Pl.'s Mot., ECF No. 20.

## II.    SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ballentine v. Broxton Grievance Dep't Vicki Cundiff*, 155 F.4th 462, 467 (5th Cir. 2025) (quoting FED. R. CIV. P. 56(a)). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990 (5th Cir. 2022) (internal quotation marks omitted).

In seeking summary judgment, the "moving party 'always bears the initial

responsibility of informing the district court of the basis for its motion' and pointing to record evidence demonstrating that there is no genuine dispute of material fact." *Sweat v. Hou. Methodist Hosp.*, No. CV H-24-775, 2025 WL 2697111, at *3 (S.D. Tex. Sept. 22, 2025) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the non-movant bears the burden of proof at trial, the movant "may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (internal quotation marks omitted); *see also Celotex*, 477 U.S. at 325.

If the movant fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *See id.* (quoting *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020). The non-movant "must 'go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Fiesta Mart, LLC v. Willis of Ill., Inc.*, 728 F. Supp. 3d 458, 465 (S.D. Tex. 2024) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The non-movant must identify specific evidence in the record and precisely articulate how that evidence supports its claim. *Diamond Servs. Corp. v. RLB Contracting, Inc.*, 113 F.4th 430, 444 (5th Cir. 2024) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). This

burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Fiesta Mart, LLC*, 728 F. Supp. 3d at 465 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). A party who fails to adequately brief their argument is deemed to have waived that argument. *Wiseman v. Schlumberger Tech. Corp.*, No. 4:23-CV-56, 2025 WL 2612733, at *6 n.18 (S.D. Tex. Mar. 20, 2025) (citing *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010)). However, the court must draw all reasonable inferences in the light most favorable to the non-moving party. *Sweat*, 2025 WL 2697111, at *3 (quoting *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013)).

## III.    PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT.

Plaintiff asks the Court to find that, by the insurance policy terms, Defendants cannot recover as a matter of law. ECF No. 20 at 16–20. Its two proffered reasons under the policy are first, the plain terms of the policy demonstrate there is no coverage, and, alternatively, even if there were coverage, it is nevertheless barred by policy exclusions. *Id.* Plaintiff also asks the Court for summary judgment as to Defendants' counterclaim because it is time-barred. *Id.* at 21–25. Defendants respond that Plaintiff fails to show any prejudice resulting from Defendants' settlement and cannot show prejudice, policy provisions that are inconsistent with Texas law are unenforceable, and raising fact questions. ECF No. 21 at 20–27.

7

Defendants respond to the limitations argument by stating the cause of action has not yet accrued since Plaintiff has not denied the claim or, alternatively, whether and when any constructive denial occurred is a question of fact. *Id.* at 28–32.

A declaratory judgment action seeks a judicial declaration as to "the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not itself confer federal subject matter jurisdiction; there must be an independent basis for it. *Mesa Underwriters Specialty Ins. Co. v. GRIF, LLC*, No. 4:23-CV-00852, 2024 WL 371547, at *2 (S.D. Tex. Jan. 31, 2024). Here, the basis for subject matter jurisdiction is diversity jurisdiction; therefore, Texas law governs. ECF No. 1 ¶¶ 1–3, 14; *Guerrera v. United Fin. Cas. Co.*, 161 F.4th 913, 916 (5th Cir. 2025).

### A. Plaintiff Is Not Entitled To Summary Judgment Based On The Policy Terms Because It Has Not Carried Its Evidentiary Burden.

Plaintiff's policy arguments relate to the issue of coverage generally and an exclusion. ECF No. 20 at 16–20. First, Plaintiff asserts that the policy requires the uninsured's policy limits be exhausted, and that it be given notice of the proposed settlement beforehand. Here, the undisputed evidence is that the Reynas settled with the underinsured motorist for $950,000 on a $1,000,000 policy. ECF No. 21-1 at 134. The evidence also establishes that the Reynas did not give Redwood notice of the settlement amount until nine months after they settled. ECF No. 20-8 at 20, 31.

The policy language states:

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph d. of the definition of "uninsured motor vehicle", we will pay under this coverage only if a. or b. below applies:

> a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

> b. A tentative settlement has been made between an "insured" and the insurer of the vehicle described in Paragraph d. of the definition of "uninsured motor vehicle" and we:

>> (1) Have been given prompt written notice of such tentative settlement; and

>> (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

ECF No. 20-2 at 5. Paragraph 2.a. is an exhaustion requirement; paragraph 2.b. is a notice requirement. *ACE Am. Ins. Co. v. Murco Wall Products, Inc.*, No. 4:22-CV-01137-O, 2024 WL 346519 (N.D. Tex. Jan. 30, 2024) (referring to a requirement that underlying coverage be exhausted as the "policy's exhaustion requirement") (citing *Planation Pipe Line Co. v. Highlands Ins. Co.*, 444 S.W.3d 307, 315 (Tex. App.—Eastland 2014, pet. denied); *RC Mgmt., Inc. v. Third Coast Ins. Co.*, No. SA-24-CV-00711-XR, 2025 WL 1699951, at *3 (W.D. Tex. June 11, 2025) (referring to a policy term requiring prompt notice of a claim as a "notice requirement"). The issue before the Court is whether either requirement was met. ECF No. 20 at 16–20.

Although the evidence establishes that the Reynas settled for $50,000 less than the policy limits, ECF No. 21-1 at 134, Texas law requires an automobile

9

insurer to show more than an insured's failure to comply with exhaustion requirements; an insurer must also show that the failure to comply constituted a material breach and thus prejudiced the insurer in some way. *Alvarado v. State Farm Mut. Auto. Ins. Co.*, No. 5-22-CV-00392-FB-RBF, 2023 WL 5512244, at *9 (W.D. Tex. Aug. 9, 2023) ("It is for State Farm to explain, for example, how a policy-limits settlement between an insured and the third-party motorist would prejudice its subrogation rights, and how and whether a *de minimus* or relatively small difference between the policy limits and settlement amount would justify a finding of prejudice to the insurer"), *adopted*, No. CV SA-22-CA-392-FB, 2023 WL 5516312 (W.D. Tex. Aug. 25, 2023). Likewise, the evidence establishes that the Reynas failed to give Redwood notice before they settled. ECF No. 20-8 at 20, 31. Nonetheless, the prejudice requirement also applies to notice requirements. *Alvarado*, 2023 WL 5512244, at *9 (noting that Texas courts expressly rejected a position advanced in an unpublished Fifth Circuit opinion finding that a failure to notify constituted prejudice).

Plaintiff argues it was prejudiced because Defendants' settlement extinguished any potential subrogation rights it may have had. ECF No. 20 at 16–20; *see also* ECF No. 23 at 9–10. Texas does acknowledge that extinguishment of subrogation rights constitutes prejudice, but only where that right has some practical value. *See Alvarado*, 2023 WL 5512244, at *9. Plaintiff's sole evidence on prejudice

is in a letter from its claims adjuster to Defendant's counsel stating that because the underinsured motorist was a commercial truck company, "there is a possibility that, even if the settlement was near policy limits, additional funds were available based upon the assets of the company." ECF No. 20-12 at 1. This conclusory sentence in a letter is a far cry from sufficient summary judgment evidence to establish that Redwood suffered any prejudice. There is no showing that it could not pursue its subrogation rights against the truck company, assuming it had any assets. Only nine months had passed between the settlement and notification to Redwood. It makes no showing that limitations had run on its claim. It makes no showing that it was in any way barred from pursuing its claim or that it attempted to pursue the claim and failed. Therefore, Plaintiff has not carried its burden to establish its entitlement to summary judgment on the exhaustion requirement. *Sweat*, 2025 WL 2697111, at *3 (noting that the "moving party 'always bears the initial responsibility of informing the district court of the basis for its motion' and pointing to record evidence demonstrating that there is no genuine dispute of material fact").

The notice requirement position shares the same fate. *Alvarado*, 2023 WL 5512244, at *9. Plaintiff advances a similar argument: because Defendants failed to notify Plaintiff of the tentative settlement, "[Plaintiff] could not, and did not, use the procedure in Paragraph A.2.b. to protect its rights of recover against others." ECF No. 20 at 18. But again, Plaintiff offers no evidence to support that statement other

11

than the conclusory sentence in the adjuster's letter. ECF No. 20-12 at 1. Plaintiff has not carried its initial burden for summary judgment on the notice requirement, either. *Sweat*, 2025 WL 2697111, at *3.

Plaintiff's last policy-based position is to argue that even if Defendants are covered under the policy terms, their failure to obtain Plaintiff's consent to settle prior to settlement with the other driver triggers an exclusion that prevents their entitlement. ECF No. 20 at 18–20. The exclusion states that "[Plaintiff does] not provide [UIM] Insurance . . . for any claim settled without our consent." ECF No. 20-2 at 5. An insurer prevails on this position only by showing a final judgment against the other driver that was obtained without the insurer's consent. *Alvarado*, 2023 WL 5512244, at *6 (citing *In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 886 n.27 (Tex. 2021)). Plaintiff has not presented any such judgment. It provided copies of the settlement documents Defendants executed that agreed to dismiss the suit against the other driver with prejudice. ECF No. 20-8 at 10–31. That is insufficient to establish, as a matter of law, Plaintiff's entitlement to summary judgment. *Alvarado*, 2023 WL 5512244, at *6 (noting that a notice of nonsuit with prejudice was insufficient to establish the insurer's entitlement to summary judgment on lack of consent).

Because Plaintiff has failed to carry its initial evidentiary burden as the movant, it has failed to demonstrate its entitlement to summary judgment on the

policy provisions. The Court denies Plaintiff's motion on its claim against Defendants.

### B. Plaintiff Is Not Entitled To Summary Judgment On Limitations Grounds Because There Is A Fact Question On Accrual.

In Texas, an insurer's contractual obligation on any UIM claim brought by an insured is not triggered unless and until the insured is "legally entitled to recover" such benefits. *In re State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 53, 59 (Tex. 2025) (quoting Tex. Ins. Code § 1952.106). The insured only becomes legally entitled to recover such benefits when it obtains a judgment establishing the other driver's liability and UIM status. *Id.* (quoting *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)). The insured can litigate those issues with the other driver, or with its own insurer. *Chapa v. Am. Honda Motor Co.*, No. 2:25-CV-00038, 2025 WL 2462801, at *3 (S.D. Tex. Aug. 27, 2025) (quoting *Brainard*, 216 S.W.3d at 818). In litigating with their insurer, the insureds can also seek the requisite judgment by a declaratory judgment action. *In re State Farm*, 712 S.W.3d at 61 (citing *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 265–66 (Tex. 2021)).

Here, the Reynas chose to sue their insurer. Plaintiff argues that it is entitled to summary judgment on Defendants' counterclaim because it is barred by the statute of limitations because the Reynas did not sue until nearly ten years after their claim accrued. ECF No. 20 at 22. Redwood claims that the cause of action against it

accrued when the Reynas settled with the other driver and his insurance company. *Id.* at 23–25. Defendants disagree, arguing that the cause of action does not accrue until after a claim is denied by the insurer, which never happened here. ECF No. 21 at 28–30. Alternatively, they argue that any "constructive denial" that may have occurred is a fact question precluding summary judgment. *Id.* at 30–32.

Statutes of limitation are considered substantive law for diversity purposes, so state law governs. *RPCG-GP I, LLC v. JPMorgan Chase Bank, N.A.*, No. 3:24-CV-2325-B, 2025 WL 2174164, at *2 (N.D. Tex. July 31, 2025) (citing *Tex. Soil Recycling, Inc. v. Intercargo Ins.*, 273 F.3d 644, 649 (5th Cir. 2001)). In Texas, insureds have four years to bring a first-party breach of contract claim against their insurer for UIM benefits once the cause of action accrues. *In re State Farm Mut. Auto. Ins. Co.*, 614 S.W.3d 316, 348 (Tex. App.—Fort Worth 2020, no pet.) (quoting *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 793 (Tex. 1974)).

Accrual dates are usually a question of law. *Levy v. UNUM Grp.*, No. 22-20660, 2023 WL 7442920, at *2 (5th Cir. Nov. 9, 2023) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). "In the first-party insurance context, a cause of action generally accrues when the insurer denies a claim." *Goldberg v. Chubb Lloyd's Ins. Co. of Texas*, No. 4:21CV3112, 2022 WL 2707759, at *3 (S.D. Tex. June 27, 2022) (citing *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2002), *adopted,* No. 4:21-CV-3112, 2022 WL

14

2704846 (S.D. Tex. July 12, 2022). "For limitations purposes, the denial of coverage occurs on the date of the written notice of denial or the date the claim file is closed." *Id.* at *3 (citing *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 409 (5th Cir. 2016)). If there is no outright denial, the exact accrual date may become a fact question, but only "when there is 'ambiguity surrounding the insurer's actions, such as stringing an insured along without denying or paying a claim.'" *Bustos v. Lloyds*, No. 4:19-CV-04812, 2020 WL 5745823, at *4 (S.D. Tex. July 13, 2020) (quoting *Chapa v. Allstate Texas Lloyds*, No. 7:15-CV-30, 2015 WL 3833074, at *4 (S.D. Tex. June 22, 2015)). However, where there is no clear denial date, "the date upon which the insurer closed the file may be relied upon as 'an objectively verifiable event that unambiguously demonstrates'" that the insurer does not intend to pay the claim such that the cause of action accrues. *Kessler v. Allstate Fire & Cas. Ins. Co.*, No. 02-22-00440-CV, 2023 WL 5615808, at *3 (Tex. App.—Fort Worth Aug. 31, 2023, no pet.) (quoting *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, pet. denied)); *accord Goldberg*, 2022 WL 2707759, at *2–3 (citing *De Jongh*, 664 F. App'x at 409).

The parties do not dispute that Plaintiff never paid the claim or outright denied it. ECF No. 20 at 12, 14 (noting that no check was sent in response to Defendants' 2016 demand and no response was made to their 2024 demand); ECF No. 21 ¶¶ 75–76 (noting that Plaintiff "never denied [Defendants'] claim"). However, there is not

"an objectively verifiable event that unambiguously demonstrates" Plaintiff's intent not to pay the claim. *Kessler*, 2023 WL 5615808, at \*3. Nothing in either party's evidence demonstrates that Plaintiff clearly took a step that could constitute a denial, such as closing the file. *See Goldberg*, 2022 WL 2707759, at \*3. To the contrary, the evidence is that its third-party agent, Barbara Rankin, closed its file and referred the Reynas to the company claims adjuster, Deacon, for further handling. ECF No. 21-1 at 129-32. Rankin further instructed Reynas' counsel to advise if the claim has been resolved so that the company adjuster, Deacon, could close his file. *Id.* This is direct evidence that the agent's closing of its file did not amount to the insurance company's closing of the file or denial of the claim. Instead, the overwhelming evidence demonstrates that, once notified of the claim, Plaintiff continued to evaluate the claim and review the medical records as late as October and November 2018 and requested more information to fully process the claim. ECF No. 21-1 at 187, 194, 198. This is not a case where the insurer closed its file, denied the claim, but invited further documentation, which would not be sufficient to negate its prior denial. *See Goldberg*, 2022 WL 2707759, at \*3.

While the Court could speculate that, at some point, Plaintiff closed the claim file, the Court cannot conclusively determine whether and when that occurred to trigger accrual of the Reyna's cause of action. Likewise, since there was no outright denial, the Court cannot determine at what point the Reynas should have been on

16

notice that Redwood did not intend to pay their claim, amounting to a constructive denial. Moreover, the Court must make all reasonable inferences in Defendants' favor, as the non-movants. *Sweat*, 2025 WL 2697111, at *3. Therefore, the Court cannot determine whether the statute of limitations has run—this is a fact question. *Bustos*, 2020 WL 5745823, at *4. Thus, Plaintiff's motion for summary judgment on Defendants' counterclaim is denied.

## IV.    CONCLUSION

Plaintiff has not demonstrated its entitlement to summary judgment, therefore, its motion for summary judgment, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on March 25, 2026.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**

17